*Fisk*, for plaintiff.
*Brown*, for defendant.

———~~◈~~———

### JOHN M. FERRE *vs.* DAVID DOTY.

The proprietors of a town, having set apart a piece of land as a common for public uses, made a division of lands consisting of one-acre lots, lying about the common, which were distributed among the proprietors, one to each right.   It was held that an after purchaser of one of those lots had no right to the *fee* of the common, and could not maintain trespass against one who had erected a building thereon, in front of, and near to, the said lot.

This was an action of *trespass*.   It was tried in the county court on the *general issue*, and was brought into this court by a bill of exceptions agreed to by the parties; from which it appeared, that on trial of the issue, the plaintiff proved the following facts viz : That the proprietors of the town of *Bridport* did, previous to making their fourth division, set apart by vote a certain tract of land as a common for certain public purposes as expressed by their vote, and then made a fourth division of lands consisting of one-acre lots, lying about the said common, as marked on the plan ; which lots were severed to the proprietors, one to each right ; That the plaintiff was the owner and occupier of lot no. 54 in the 4th division, fronting on said common ; and that the defendant, previously to the plaintiff's purchase, had, in connexion with others, erected on said common, and immediately in front of the plaintiff's said lot, a range of horse-sheds which were divided into different apartments, each of which apartments became the private property, and was appropriated to the private use of one of the buildings, and that the defendant owned one in front of the

plaintiff's said lot, which he continued to use to the suing out of the writ. It appeared that said sheds were not more than six feet from the plaintiff's line. It also appeared that the description in the plaintiff's declaration embraced not only said lot no. 54, but also extended so far west as to embrace the land in front of the same on which said shed stood. Upon this evidence the defendant insisted that the action could not be sustained. The court so decided, and directed a verdict for the defendant.

The plaintiff excepted to the decision of the court, and removed the cause to the Supreme Court on a motion for a new trial.

*Phelps, for the plaintiff.*—The doctrine that the owner of land adjoining the highway, is the owner in fee of the highway, subject to the *easement* in the public, and may maintain trespass or ejectment with respect to it, is too well settled to require discussion. See *Lade* vs. *Shepard,* 2 *Stra.* 1014.—*Mayor of Norwich* vs. *Wood, do,* 1238.—*Chester* vs. *Alpren,* 1 *Burr.* 133.—*Stevens* vs. *Whistler,* 11 *East,* 51.—*Harrison* vs. *Parker,* 6 *do.* 154.—*Commonwealth* vs. *Peters,* 2 *Mass.* 127.—*Pearley* vs. *Chandler,* 6 *do.* 454.—*Cartilyon* vs. *Van Brunt,* 2 *Johns. Rep.* 357.—*Peck* vs. *Smith,* 1 *Conn. Rep.* 103.

The circumstance that this was intended as a *public common,* and was appropriated as such by vote of the proprietors, is immaterial : for to all the purposes of this suit it may be treated as a highway. The right of the public might perhaps be more extensive in this case than the case of an ordinary highway. They might, under the vote of the proprietors, have the right to place their public buildings on the common, but, after all, their right in it amounts only to an *easement,* the fee of the land being elsewhere. The case is analogous to cases which arise in *England* respecting rights of common ; and the uniform decision there has been that the party is liable to the owner of the soil in trespass, unless he can justify under the *easement.* See *Cooper* vs. *Marshall,* 1 *Burr.* 259.—*Willson* vs. *McReath,* 3 *do.* 1825. So here, certain rights were vested in the public by vote of the proprietors, and so long as the defendant exercised those rights merely, as one of the community, he might justify ; but the erection of a building for his private use, not being justifiable under the *easement,* renders him liable. *Warren* vs. *Henshaw,* 2 *Aikens,* 141. It may be objected, that the fee of the land is not in this instance in the plaintiff, but in the proprietors of the township. It was so undoubtedly when the common was laid out ; but when they divided their lands, and allotted to individuals the village lots lying on the common in severalty, the fee passed to them. *Smith* vs. *Peck,* 1 *Con. Rep.*

Addison,
January,
1829.

Ferre
vs.
Doty.

103.    To apply a different rule  here would  lead  to all the mis‑ chief and injustice pointed out in that case.   Indeed, the proprie‑ tors could not, after the division, resume the land, nor apply it to any other purpose than that specified in the vote.   But if the fee is considered in them, they might by  a further division allot it in severalty to  some other person, and  thus by placing some  other person between the plaintiff and the highway, destroy the value of his lot.    In short,this common is to the plaintiff a highway—it is the approach to his land—it is in fact a  highway for the public, and although the public may have some additional privileges in it, yet every reason exists in this case on which the settled rule as to high‑ ways is founded, and every reason for the application of it to this case which existed in any  case where it  has been  applied.   It may be objected further that *trespass* cannot be maintained in this case as the sheds were built before the plaintiff's purchase.   But the case in this respect is precisely the same with *Peck* vs. *Smith,* before cited.

*Mr. Bates, contra.*—The plaintiff puts his right to  recover on the analogy of  his case  to that of an owner of land  adjoining a highway.    But in this case,  it must be  remembered, the  fee of the land on which the trespass is alleged  to have been committed is in the *proprietors* of the town  of *Bridport*, of whom the plaint‑ iff is not one.    The right of common, or the *easement*, belongs to the *Town* of *Bridport*.   The  grounds on which  the owner of land adjoining a highway has been  allowed to maintain the action of trespass are, that he has the *fee* of  the land, and  the publick only an easement ;  and that he has also the possession, so far as is consistent with this easement.   Neither of which is true in this case.

The  plaintiff purchased his  own  lot after  the building was erected :  it is the continuance of it, of which he  complains, and it  cannot be pretended, that he  has ever  had possession of  the land, on which the alleged injury was done—and it may be asked how he has acquired a title to it ?  Admitting his grantor to have had this title, the  deed does  not convey it to him.   In *Jackson* vs. *Hathaway* 15. *Johnson*, 447, it was expressly decided, that a conveyance of land lying on  each side of a publick highway did not divest the  grantor of his title  to  the lands covered by the highway, and that one parcel of land cannot pass as an incident to another parcel conveyed.   And in *Peck* vs. *Smith*, 1. *Conn. Rep.* 103, *Edmond* and the other Judges in favour of the plaint‑ iff, in order to avoid  this objection,  took the ground that the par‑ ticular words in the deed  on which that case depended, creating

ADDISON,
January.
1829.

Ferre
vs.
Doty.

a reservation, must be construed to refer to the publick *easement*, and not the soil itself. But admitting the conveyance of land adjoining a highway carries the highway to its centre along with it, as an incident, the thing in that case is easily known and defined. But, what share of the common follows each particular deed of the various lots surrounding this common ? In this particular case, what part of this square common passed as an incident to this deed ? There is no resemblance between such a common belonging to a town and a highway. But it may be again remarked that the grantor had no title, and could convey none. Suppose the town should vote to discontinue or abandon the common, to whom would the land revert ? Assuredly to the proprietors of *Bridport*; and the plaintiff can no more maintain trespass than he could for an act done on a highway of which another had the right in fee and the publick an *easement*. He has neither possession nor title. If he has sustained an injury, he must bring an action on the case to recover damages apportioned to that injury. But he has no right to recover. The erection and use of the shed is in conformity to the intention of the ancient owners of all the land who had a right to appropriate it to such use as they deemed proper. The use is, in short, in accordance with the vote setting the land off to common.

There is one more view of the case.—If the plaintiff can sustain the action, it is upon the ground that the fee of the land was included in his deed—that it is his land of which the defendant is in possession. In this case it comes within the Statute of 28th October, 1807, page 171. For when the plaintiff took a deed, the defendant was in posseession claiming the right adversely to his grantor—a right to possess in that way and manner forever.

TURNER, J. pronounced the opinion of the Court.—This is an action of trespass brought for continuing and occupying a shed on the common, in front of the plaintiff's land. The main question raised by the counsel is, whether the plaintiff has a right in the premises, sufficient to support the action. It is admitted that the common was laid out, and set apart, for certain public purpose s, by a vote of the proprietors, previous to making the 4th division, which consists of one-acre lots, laid out around the common : one of which the plaintiff owns, and claims, as appurtenant thereto, a share of the fee of the common, embracing the land on which the trespass is alleged to have been committed. The plaintiff compares the common to a highway, and insists that the fee of the land is in the adjoining proprietors. This we admit to be true with certain exceptions; to understand which, it will be ne-

ADDISON,
January,
1829.

Ferre
vs.
Doty.

cessary to enter into an investigation of the law concerning high-
ways.

The term highway means nothing more than an *easement*, or a
right of way over the land of another, and cannot mean a right of
passage over one's own land.    Whenever a highway is laid out
over the land of another, the owner does not thereby lose the fee of
the land, but retains it subject to the *easement* of the public.    When
a new highway becomes necessary, an *easement* or right of way is
all the public have a right, in justice, to demand; and so much the own-
of the soil is bound to yield upon a fair equivalent.    When the o-
riginal proprietors of townships have laid out highways, they have
undoubtedly supposed that it implied only a right of passage com-
mon to all.    And it is clear, that by the rule of the common law,
the freehold of the soil was in the lord of the manor, or in the own-
er of the land on each side.    As the fee of the land is not chan-
ged by laying out or granting a highway, it must necessarily fol-
low that it remains in the original proprietors, and will pass with
their conveyances to subsequent purchasers, although covered by
a highway.    And the true rule to find where the fee of the land
is, is to find the exact boundaries in the deed, as no one has the
right of soil in more than is included within his boundaries.    The
common law presumes, that he who owns land adjoining owns the
fee of the highway, on the ground, that it supposes it included
within his boundaries, and that he who owns on one side owns to the
centre for the same reason.    The exceptions to these presump-
tions are clearly and ably illustrated by *Judge Edmond*, in the
case of *Peck* vs. *Smith*, 1 *Con. R.* 127, where he says, for exam-
ple, " A owns a piece of land ; a highway is laid across the mid-
" dle of it : the fee remains in A.    Again, A and B own lands ad-
" joining ; a highway is laid wholly on A's land, but bounding on
" the land of B.    Here it is clear that the *fee* of the way re-
" mains in A, as much as in the first case ; for laying a
" highway on the land of A, cannot transfer any part of the fee
" to B, although by the laying out of the road, B has become an
" adjoining proprietor.    Again, A owns land ; B owns land ad-
" joining on each side of it ; the whole of the land of A is laid
" out for a road.    Will it be said in such a case that the *fee* is
" transferred from A to B ?"    And he goes on to remark, that
" proof of such a set of facts in respect to the laying out of the
" road, and the circumstances of ownership continuing the same as
" at the time of the laying out, rebuts and oversets entirely the
" presumption that the road was originally laid out on B's land,
" or the land of those under whom he claims.    The same proof
" equally excludes the supposition that when B purchased his land,

ADDISON,
January,
1829.

Ferre
vs.
Doty.

" the fee in the way accompanied and made part of his purchase, " because the fee was then in A exclusively ; no right of way existed. The common law rule that the fee of the highway is in " the owner of the adjoining land could not then apply."

From a careful examination of the authorities cited by the counsel, and from all the more modern decisions which we have been able to find, we are satisfied that these principles must controul the present case ; and that the plaintiff has neither the fee nor the possession of the land, on which the trespass is alleged to have been committed, not being covered by or within the boundaries of his deed. It is clear the action cannot be sustained.

Judgement affirmed.

*Phelps*, for plaintiff.
*Bates*, for defendant.